IN THE UNITED STATES DISTRICT COURT
                   FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) |
|---|---|
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 07-CR-30137-MJR |
| | ) |
| KENNETH KIRKLAND, | ) |
| | ) |
| **Defendant.** | ) |

# ORDER

**REAGAN, District Judge:**

On April 21, 2008, Kirkland filed motion in limine #1 (Doc. 52). Kirkland seeks to preclude the introduction by impeachment of a prior conviction should the defendant choose to testify at trial. The Court learns from the Government's response (Doc.55) that Kirkland's prior conviction is for drug trafficking. The Government suggests that this evidence is admissible on the issue of credibility and should be admitted in the interests of justice. Alternatively, the Government suggests the Court reserve ruling pending Kirkland's testimony so the Court can "evaluate the probative value of the cross examination of the Defendant."

The Court's ruling is guided by **FEDERAL RULE OF EVIDENCE 609**, which provides in pertinent part:

> (b) Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

From the record before the Court, Defendant's drug trafficking conviction falls

outside the time frame for admissibility provided in Rule 609(b) and the Government has not supplied sufficient evidence that "in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect."

Accordingly, the Court hereby **GRANTS** Defendant's Motion in Limine #1 (Doc. 52).

**IT IS SO ORDERED.**

**DATED this 25th day of April 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**