# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 07-cr-30137-MJR ) |
| KENNETH KIRKLAND, | ) ) |
| Defendant. | ) |

## ORDER

**REAGAN, District Judge:**

On April 20, 2009, Kirkland filed a motion under **FEDERAL RULE OF CRIMINAL PROCEDURE 41(g)** seeking the return of specific property—$1,623.00 that was seized from his vehicle at the time of his arrest (Doc. 92). **Rule 41(g)** provides:

> A person aggrieved by . . . the deprivation of property may move for the property's return. . . . The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

In response, the Government has indicated that it no longer has possession of the money in question, as it was ordered administratively forfeited on December 13, 2007, and distributed between the Fairview Heights Police Department and the Department of Justice Assets Forfeiture Fund (Doc. 94). In support of this contention, the Government has offered evidence in the form of a Status Inquiry printout from the Consolidated Asset Tracking System (CATS) along with a sworn affidavit from Carmalee Korte, an employee with the United States Attorney's Office, each of which confirm that the Government no longer possesses the funds in question (Doc. 94-2).

The Government also contends that it sent Kirkland written notice of the forfeiture by certified mail on October 2, 2007 at three addresses: a residence at 4440 Olive, Kansas City, MO

64130, the Clinton County Sheriff's Department at 810 Franklin Street, Carlyle, IL 62231, and the Federal Public Defenders Office at 900 Missouri Ave., East St. Louis, IL 62207 (Doc. 94-3). All mailings were received and signed for. The notices were also published in the *Wall Street Journal* on October 15, 22, and 29, 2007 (Doc. 94-3). No claim was ever filed, according to the affidavit of Douglas Kash, Forfeiture Counsel with the DEA.

The Court finds that the evidence, affidavits, and documentary support provided are sufficient to establish that the Government no longer has possession of the property. "Rule 41(g) permits only the recovery of property in the possession of the Government. Therefore, if the Government no longer possesses the property at issue, no relief is available under Rule 41(g)." *United States v. Stevens*, 500 F.3d 625, 628 (7th Cir. 2007).

Accordingly, the Court hereby **DENIES** Kirkland's motion for the return of specific property (Doc. 92).[1]

**IT IS SO ORDERED.**

**DATED this 14th day of May 2009.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**

---

[1] To the extent that Kirkland intended to file a direct challenge to the adequacy of process in the course of the administrative forfeiture or seek restitution, the Court notes that any such challenge may only be made by filing a separate civil action, accompanied by the appropriate filing fee, and subject to the provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915. *See United States v. Howell*, 354 F.3d 693, 695–96 (7th Cir. 2004).