IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>vs.<br><br>KENNETH L. KIRKLAND,<br>    (Inmate # 07824-025),<br><br>             Defendant. | Case No. 07-CR-30137-MJR |

## ORDER ON MOTION TO REDUCE SENTENCE

REAGAN, District Judge:

In September 2008, Kenneth L. Kirkland was sentenced in this Court to 240 months in prison on Count 1 for possession with intent to distribute cocaine base ("crack"). On October 4, 2011, Defendant Kirkland filed a pro se motion seeking to reduce his sentence based on the United States Sentencing Commission's promulgation of amendments to the Sentencing Guidelines, following passage of the Fair Sentencing Act of 2010, Pub. L. No. 111-120, 124 Stat. 2372 (2010). That Act required the Guidelines to be brought into conformity with substantive provisions reducing the criminal penalties for certain crack cocaine offenses.

By Orders dated October 5 and 6, 2011 (Docs. 110, 111), this Court appointed the Federal Public Defender's Office to represent Defendant. Attorney Todd M. Schultz of the FPD's Office formally entered his appearance on October 6, 2011 (Doc. 112).

On January 25, 2012, Mr. Schultz moved to withdraw from the case (i.e., cease his representation of Defendant on this motion), having determined that Defendant's guideline range is unchanged by the 2011 retroactive amendment, thereby precluding any non-frivolous argument for a sentence reduction under 18 U.S.C. § 3582(c) and the retroactive amendment to

the crack cocaine sentencing guideline. The motion filed by Mr. Schultz states as follows (Doc. 113, pp. 1-2):

> 4. On September 19, 2008, the Court sentenced the Defendant to a statutory mandatory minimum term of 240 months in prison. Because the Defendant received a statutory mandatory minimum sentence, his sentence cannot be further reduced by application of the 2011 retroactive amendment to the crack cocaine guideline. *See United States v. Simpson*, 337 F.3d 905, 909 (7th Cir. 2003).
>
> 5. United States Probation Officer Fletcher has also concluded that the Defendant is ineligible for a reduction because he received a statutory mandatory minimum sentence.

Simply put, Schultz's research discloses that Defendant Kirkland is *not eligible* for the reduction at issue. Mr. Schultz was granted leave to withdraw as counsel of record for Defendant Kirkland. Kirkland was directed to show cause by February 10, 2012, why his motion to reduce sentence (Doc. 109) should not be denied.

On February 3, 2012, Defendant Kirkland filed a Response (Doc. 116), referencing his pending Section 2255 motion to vacate or correct his sentence (*Kirkland v. USA*, 10-cv-958-MJR (amended June 10, 2011)). Kirkland argues that his trial counsel was ineffective for not arguing that the mandatory minimum sentence should not have applied. Kirkland states:

> 3. Defendant wishes to preserve his argument pertaining and related to his pending 18 U.S.C. § 3582(c) motion at question in this response.
>
> 4. Upon consideration of Defendant's 28 U.S.C. § 2255 Defendant may renew his Amendment 750 Argument.

Kirkland concludes by requesting that the Court "grant the relief sought in this matter."

Kirkland's Section 2255 motion to correct his sentence is a separate and distinct motion. Although the Court can consider Kirkland's argument regarding ineffective assistance of counsel relative to the Section 2255 motion, ineffective assistance of counsel is irrelevant to the Section 3582(c) motion to reduce sentence. The Court can only determine whether

Kirkland's current sentence may be reduced.  In the event that his Section 2255 motion is successful, Kirkland would either be entitled to be resentenced or, perhaps, retried.  Therefore, the Court will proceed with the Section 3582(c) motion to reduce sentence.

The Court's review of the pleadings confirms that Defendant was subject to a statutory mandatory minimum term of 240 months in prison; consequently, his guideline range cannot be lowered by the retroactive amendment in question.  Relief under Section 3582 is not available when a retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range."  *United States v. Taylor*, 627 F.3d 674, 676 (7th Cir. 2010).

Having carefully reviewed the issues, the Court concludes Defendant Kirkland is not eligible for the requested relief under Section 3582(c)(2).  Accordingly, the Court **DENIES** Defendant Kirkland's pro se motion for sentence reduction (Doc. 109).

IT IS SO ORDERED.

DATED:  February 6, 2012

*s/ Michael J. Reagan*
MICHAEL J. REAGAN
UNITED STATES DISTRICT JUDGE